JOHN J. HANNA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hanna v. Commissioner
Docket No. 3485-76
United States Tax Court
T.C. Memo 1992-360; 1992 Tax Ct. Memo LEXIS 384; 63 T.C.M. (CCH) 3178; June 24, 1992, Filed *384 Decision will be entered for respondent. The Court of Appeals held that petitioner's off-season conditioning and training camp expenses are deductible to the extent that they contribute to his fitness throughout the regular hockey season and directed us to decide which expenses were deductible under sec. 162, I.R.C. 1954. Held, none are deductible because they are either personal or not substantiated. In addition, the Court of Appeals directed us to decide whether expenses for trade journals, sewing, conditioning expenses during the hockey season, and hockey tickets purchased for fans are deductible under sec. 162, I.R.C. 1954. Held, these expenses are not deductible due to lack of substantiation. Charles L. Abrahams, for petitioner. Harry M. Asch, for respondent. GOFFE
GOFFE
MEMORANDUM OPINION GOFFE, Judge: On February 17, 1981, we filed our opinion in the consolidated case of , affd. in part, revd. in part , affd. in part, revd. in part sub nom. . In our opinion we held that the off-season *385 conditioning expenses claimed by Stemkowski and Hanna were not deductible because they were allocable to Canadian sources of income under section 862(b). The United States Court of Appeals for the Second Circuit held in the appeal of the Stemkowski case that such expenses were connected in part to sources of income within the United States and were deductible. . The Stemkowski case was remanded to us to decide which expenses were deductible. We held some of them to be deductible and some not to be deductible in an opinion filed on May 31, 1984, which is reported at . Meanwhile the instant case was appealed to the United States Court of Appeals for the Fourth Circuit. That Court followed the Court of Appeals for the Second Circuit in Stemkowski, and remanded the instant case to us to consider allowance of certain deductions under the rationale of Stemkowski and to consider allowance of other deductions claimed by Hanna. . At the outset these cases were considered to be test cases. *386 Nevertheless, after they were decided, the parties did not treat them as test cases because many of the issues to be resolved were left undecided due to the lack of substantiation by taxpayer Stemkowski. There were over 200 other cases pending in the Tax Court with identical issues and many other cases pending in the United States Claims Court. It was represented to this Court by counsel for petitioner that Hanna had substantiated many of the deductions he claimed. In the interests of judicial economy we directed counsel for the parties to explore the possibility of settling some of the pending cases. They reported that there was a possibility of settlement. In order not to disturb settlement negotiations we decided not to render this opinion on remand until the parties had exhausted settlement negotiations. The Court held several special trial sessions during which many of the cases were settled and many others were dismissed for failure properly to prosecute. Some of the cases which were dismissed were appealed. On January 23, 1987, the parties in a large number of the hockey player cases executed a written agreement covering settlement negotiations in which they agreed to *387 advise the Court when they desired us to render the instant opinion. Respondent later advised the Court in writing that she wished us to render the instant opinion. Petitioner Hanna never made such a request. After waiting over 5 years to hear from petitioner, we will wait no longer. The issues to be decided are the following: 1. Which off-season conditioning expenses and conditioning expenses incurred during the season are deductible. We hold that none may be deducted because they are either personal or are not substantiated. 2. May petitioner deduct purported expenses for trade journals? We hold that he may not due to lack of substantiation. 3. May petitioner deduct purported expenses for sewing? We hold that he may not due to lack of substantiation. 4. May petitioner deduct expenses purportedly incurred during training camp? We held that he may not due to lack of substantiation. 5. Is petitioner entitled to deduct purported expenses for purchases of hockey game tickets which he gave to his fans? We hold that he is not because such expenses have not been substantiated. General
Resolution of the issues presented in this case depends upon large part upon *388 substantiation. Accordingly, some comments upon the dearth of substantiation is in order. In , we explained some of our difficulties with the trial and evidence presented in this consolidated case. Such comments apply with equal force here. It would serve no useful purpose to repeat them here. We incorporate those comments by this reference. In addition, we point out that generally the expenses claimed were for uneven amounts but there was no testimony or other evidence presented to break down the amounts deducted into specific expenditures. We have no idea where the amounts deducted came from. Some items deducted on the income tax return were the subject of an amended petition and a claim for refund which increased the amounts claimed, but these amounts were never tied into anything. Such lack of proof casts serious doubt upon the reliability of estimates which petitioner made. His estimates tied into none of the amounts claimed to be deductible. We will now explain our specific holdings on each of the items which the Court of Appeals directed us to consider. Off-Season Conditioning Expenses and Conditioning *389 Expenses During Hockey Season
Petitioner claimed a total of $ 1,245.27 for the off-season expenses and $ 142.27 for the conditioning expenses incurred during the regular hockey season. The activities which petitioner claimed to promote his physical condition were bowling and golf. He estimated some of the expenses he claimed to have incurred. He offered into evidence a check for $ 10 dated May 11, 1971, signed by his wife, payable to Queen Anne Bowl. He explained that they bowled together. He also offered a check in the amount of $ 127 payable to Lingan Golf and Country Club dated June 16, 1971, for country club dues. He offered a cancelled check payable to Bruce Adams dated January 21, 1970, in the amount of $ 160.42 which petitioner testified to as being the last installment for golf clubs. In addition he offered check registers with a few pertinent explanations. These included a check to Prietz Golf in June 1971 for $ 26.20 which petitioner testified to as being payment for a pair of golf shoes. Another check entry was for $ 22.05 to Athletic Supply which petitioner testified "could be for golf balls". He testified that another entry to Athletic Supply for $ 13.23 *390 on December 11, 1971, was for golf balls. Petitioner testified as to estimates for green fees he incurred both during the off-season and while traveling around the United States during the regular hockey season. He also estimated what it cost him to bowl. The expenditure for golf clubs was made prior to the taxable year involved here, and it would be mere speculation to allow any depreciation for the golf clubs. The expenditures purportedly made by petitioner lend themselves to accumulation of receipts but none were presented. We will not, on the record before us, allow any of petitioner's estimates as deductions. The canceled checks and entries in the check register described above establish that petitioner incurred some expenses in playing golf and bowling. The parties offered the testimony of expert witnesses as to whether various sports activities did or did not enhance a hockey player's performance in playing hockey. There was also considerable testimony as to how such activities might contribute to the good physical condition required for reporting to training camp. Petitioner would not have played golf and bowled unless he enjoyed it. He admitted that such activities *391 were recreational. If we assume that such activities, absent the recreation factor, are deductible, then we would be required to allocate their cost between the deductible portion and the nondeductible personal portion. On this record we have no basis to do this. In like situations where physical property is involved, we have denied deductibility because of the mixed use. (hearing aid); , affd. without published opinion (gym clothes and bag). We apply that principal here. The golfing and bowling expenditures are all denied as being personal in nature, and those not supported by written proof are also denied for lack of substantiation. Training Camp Expenses
Petitioner claims $ 600 under this category. He estimated this amount but gave little specific testimony as to what this was for. He testified that he played golf during the afternoon at training camp. As explained above, we hold that expenses incurred in playing golf are not deductible. The entire deduction is disallowed for lack of substantiation. *392 Trade Journals
Petitioner claims $ 80 for the purchase of hockey pictorials, newspapers, and the Hockey News while he was "on the road" during the regular hockey season. He did not explain what any of the publications cost and admitted that the amount claimed is an estimate. We will not speculate on what he spent. The deduction is disallowed for lack of substantiation. Sewing Expenses
He claimed $ 51.90 as sewing expenses. In his amended petition he alleged that this represented alterations of clothing due to increased muscle development. He offered no testimony as to the purpose of the expenditure and no substantiation. If we accepted his allegation of purpose we would disallow the deduction as being personal. We disallow the deduction for failure to substantiate. Hockey Tickets Purchased for Fans
This deduction must be "buried" somewhere in another category. We cannot find a specific amount claimed for this purpose. Another hockey player testified as to how much he (the other player) spent for tickets given to fans. Petitioner offered no such testimony. He did testify, however, that he bought tickets for his relatives to see hockey games that he *393 was not playing in. This would be a personal expenditure. This deduction (whatever the amount might be) is disallowed for failure to substantiate. Decision will be entered for respondent.